**STATE ex WRIGHT v BOARD OF EDUCATION et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5185. Decided June, 1937

James H. Cleveland, Cincinnati, and Charles E. Vance, Cincinnati, for appellee.

John D. Ellis, Cincinnati, Henry M. Bruestle, Cincinnati, and Edgar B. Traver, Cincinnati, for appellants.

**OPINION**

By ROSS, PJ.

Appeal on questions of law and fact from the judgment of the Court of Common Pleas of Hamilton County, granting a peremptory writ of mandamus.

A mandamus proceeding is an action at law. State ex Carson et v Board of Education of Stock Township, Harrison County, 115 Oh St 55. Not being a chancery case, appeal on questions of law and fact is not

permitted. The case may be ▮▮▮▮▮▮▮ ▮ and is, however, considered as an appeal on questions of law only. A bill of exceptions was filed in the Common Pleas and this court.

The action was predicated upon the provisions of §§7750 and 7655-7, GC, which are as follows:

"Sec 7750 GC. A board of education not having a high school may enter into an agreement with one or more boards of education maintaining such school for the schooling of all its high school pupils. When such agreement is made the board making it shall be exempt from the payment of tuition at other high schools of pupils living within three miles of the school designated in the agreement, if the school or schools selected by the board are located in the same civil township as that of the board making it, or some adjoining township. In case no such agreement is entered into, the school to be attended can be selected by the pupil holding a diploma, if due notice in writing is given to the clerk of the board of education of the name of the school to be attended and the date the attendance is to begin, such notice to be filed not less than five days previous to the beginning of attendance."

"Sec 7655-7 GC. The holder of a certificate of graduation from any one-room rural school of the first grade or of any consolidated rural school which has been recognized shall be entitled to admission to any high school without examination. Graduates of any elementary school shall be admitted to any high school without examination on the certificate of the county superintendent or assistant county superintendent."

We quote the findings of fact and conclusions of law of the Court of Common Pleas:

"FINDINGS OF FACT.
"1. The court finds that John Winbush, age sixteen, graduated from the eighth grade of the school of the Woodlawn Rural School District, and received a certificate to that effect from the County Superintendent in June, 1936.
"2. The court finds that the Woodlawn Rural School District does not maintain a high school and that after efforts it failed to enter into a contract with any board of education or school district for educating those in the district entitled to enter high school for the year 1936.

"3. That John Winbush notified the Woodlawn Rural School District Board that he intended to attend Withrow High School during the year 1936-37, and that such notice was given five days previous to his beginning of attendance.
"4. That the Board of Education of the Woodlawn Rural School District was and is ready, willing and able to pay the tuition of John Winbush.
"5. That John Winbush presented himself for admission to the Withrow High School and was refused admission by order of the Board of Education of the Cincinnati School District.

"CONCLUSIONS OF LAW
"That under the provisions of §§7750 and 7655-7 GC, John Winbush is entitled to enter any high school he may select; that the Board of Education of the Cincinnati School District had no right to refuse his admission; and that he is entitled to be admitted to Withrow High School or to any other high school to which he may be assigned and in the Cincinnati School District under the provisions of law."

From such findings it is apparent that the court considered that the right to select a school given by the statute carried a necessary implication of obligation upon the part of the authorities to accept the student.

It is our conclusion that while the sections mentioned do give the student the right to select the school of ▮▮▮▮▮▮▮ ▮ the respondents, that neither these sections of the Code nor any others impose upon the respondents a clear legal duty to accept the relator and that until the legislature imposes such obligation upon the respondent, this court has no right to infer a complementary obligation or to presume that the refusal of respondents is not predicated upon sound administrative discretion.

In 25 Ohio Jur., §22, p. 995, it is stated:

"According to the Ohio statutes, 'mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty, resulting from an office, trust, or station.' It is fundamental that the act must be one which the law specially enjoins as a duty, resulting from an office, trust, or station, or, as has sometimes been stated, the duty, perform-

244

ance of which is to be enforced, must be mandatory. The converse of this proposiion is equally true; mandamus does not lie to compel the performance of an act which is not specially enjoined by law, as a duty resulting from an office, trust, or station.

"It is no longer necessary that the duty be express. Unless, however, the law creates such a duty, the courts cannot be called upon, first, to create the duty, and, second, to compel its performance."

See also: **State ex Corn v Industrial Commission of Ohio, 126 Oh St 550.**

In the case of **Sergeant v McSweeney, Director of Public Welfare, 126 Oh St 623,** the court, at page 624 states:

"It is elementary that a writ of 'mandamus will be issued only where it appears that the applicant has a clear legal right thereto, and that the official act which he seeks to compel is one 'which the law specially enjoins as a duty'."

In **State ex Papadopoulos v Industrial Commission of Ohio, 130 Oh St 77,** the second paragraph of the syllabus is:

"Mandamus is an extraordinary writ and will not lie unless the claimant can establish a clear legal right thereto."

While §7778, GC, and other sections of like import make education of children of certain ages compulsory, we do not consider that such general statutes are sufficiently definite in their application to fix upon the respondents a clear legal duty to accept the relator under the circumstances developed in the record presented.

The judgment of the Court of Common Pleas will be reversed and judgment may be here entered denying the writ.

HAMILTON and MATTHEWS, JJ, concur.